NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0460n.06

No. 24-5067

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="3"><strong>FILED</strong><br>Nov 20, 2024<br>KELLY L. STEPHENS, Clerk</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>JEREMY DONTE HURDLE,</td><td>)</td><td>KENTUCKY</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
</table>

Before: SUTTON, Chief Judge; BUSH and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Jeremy Hurdle argues that the federal statute barring felons from possessing firearms facially violates the Second Amendment. Because we recently rejected an identical challenge, our precedent forecloses Hurdle's claim. We thus affirm.

In June 2022, police officers investigating stolen firearms traveled to Hurdle's home in Boyle County, Kentucky, and spotted him leaving in a car driven by someone else. The police stopped the car. A consensual search uncovered a total of seven firearms either near Hurdle's front passenger seat or in the trunk. Someone had stolen at least one of the guns. Hurdle had several prior convictions, including for aggravated robbery, assault, and child abuse. So he could not lawfully possess firearms.

A federal grand jury indicted Hurdle for illegally possessing firearms as a felon in violation of 18 U.S.C. § 922(g)(1). Hurdle moved to dismiss the indictment on the ground that the felon-

in-possession statute—§ 922(g)(1)—violated the Second Amendment on its face. The district court denied his motion.

Hurdle entered a conditional plea agreement. He admitted that he had possessed four of the firearms found in the car and that he could not lawfully possess them. But he reserved the right to appeal his claim that § 922(g)(1) facially violated the Second Amendment. At the same time, he conceded that he had "waive[d] any argument on appeal" that § 922(g)(1) violated the Second Amendment "as applied to his particular circumstances[.]" Plea Agreement, R.29, PageID 250. The district court sentenced Hurdle to 78 months' imprisonment.

Hurdle now renews his argument that § 922(g)(1) violates the Second Amendment on its face. In support, he relies on the historically rooted test that the Supreme Court adopted to analyze Second Amendment claims in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But we recently rejected a similar facial challenge to this statute under *Bruen*'s test. *See United States v. Williams*, 113 F.4th 637, 648–57 (6th Cir. 2024). Our decision in *Williams* binds us here. *See United States v. Dorsey*, 2024 WL 4250319, at *1 (6th Cir. Sept. 20, 2024); *United States v. Partee*, 2024 WL 4224982, at *1 (6th Cir. Sept. 18, 2024). And while *Williams* left open the possibility that defendants could raise as-applied challenges to § 922(g)(1), *see* 113 F.4th at 657, Hurdle did not preserve that type of challenge in his plea agreement.

We affirm.